IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DOUGLAS C. DUIN,               )
                               )    2:10-cv-02150-GEB-EFB
          Plaintiff,           )
                               )
     v.                        )    ORDER
                               )
DALE ELAINE McCORMICK; ESTATE OF )
ROBERT A. McCORMICK, Deceased; )
JOHN G. STEFFES,               )
                               )
          Defendants.          )
_____)
```

        Defendant Estate of Robert A. McCormick, Deceased (the "Estate"), moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for an order dismissing it as a defendant from Plaintiff's First Amended Complaint ("FAC"). Plaintiff alleges a negligence claim against the Estate based on personal injuries Plaintiff suffered in August of 2008 on real property then-owned by Robert A. McCormick. Plaintiff alleges that Robert A. McCormick "is deceased, having died October 10, 2008[.]" (FAC ¶ 4.)

        The Estate's dismissal motion was scheduled to be heard on May 16, 2011, but was submitted without oral argument on May 11, 2011, since Plaintiff had not filed an opposition or statement of non-opposition as required by Local Rule 230(c). However, Plaintiff filed an opposition to the motion after the motion was submitted, which included an affidavit from an assistant for Plaintiff's counsel. The assistant avers in the affidavit that Plaintiff's counsel was not aware of the Estate's

dismissal motion, since the Court's email notification stating the Estate's dismissal motion was filed "was not downloaded to [the assistant's work] email in-box." (Affidavit of Joan T. Nuefeld ¶ 11.) The assistant further avers that Plaintiff's counsel first learned of the Estate's motion after the assistant received the Court's email notification stating the Estate's dismissal motion was taken under submission. Id. ¶ 12. The Estate objects to the untimely filed opposition, and also filed a reply brief. Plaintiff's reason for filing a late opposition, is unpersuasive; however, all filed briefs have been considered.

The Estate argues its dismissal motion should be granted since "there is no legal entity known as 'the Estate of Robert A. McCormick, [D]eceased.'" (Estate's Mot. 9:18.) Plaintiff rejoins that the Estate should not be dismissed since California Probate Code section 550 et seq. permits Plaintiff to name the Estate as a defendant.

"Under [California] Probate Code § 550 [et seq.], 'an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate . . . .'" Pelayo v. City of Downey, 570 F. Supp. 2d 1183, 1192 (C.D. Cal. 2008) (quoting Cal. Prob. Code § 550(a)). The Estate has failed to demonstrate that it may not be named as a defendant under California Probate Code section 550 et seq.; therefore, the Estate's motion is denied.

Dated: September 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge