1
2
3
4                      IN THE UNITED STATES DISTRICT COURT
5                    FOR THE EASTERN DISTRICT OF CALIFORNIA
6
7    DOUGLAS C. DUIN,                       )
                                            )    2:10-cv-02150-GEB-EFB
8                   Plaintiff,              )
                                            )
9            v.                             )    ORDER
                                            )
10   DALE ELAINE McCORMICK; ESTATE OF       )
     ROBERT A. McCORMICK, Deceased;         )
11   JOHN G. STEFFES,                       )
                                            )
12                  Defendants.             )
     _____       )
13
14           Defendant Estate of Robert A. McCormick, Deceased (the
15   "Estate"), moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6)
16   for an order dismissing it as a defendant from Plaintiff's First Amended
17   Complaint ("FAC"). Plaintiff alleges a negligence claim against the
18   Estate based on personal injuries Plaintiff suffered in August of 2008
19   on real property then-owned by Robert A. McCormick. Plaintiff alleges
20   that Robert A. McCormick "is deceased, having died October 10, 2008[.]"
21   (FAC ¶ 4.)
22           The Estate's dismissal motion was scheduled to be heard on May
23   16, 2011, but was submitted without oral argument on May 11, 2011, since
24   Plaintiff had not filed an opposition or statement of non-opposition as
25   required by Local Rule 230(c). However, Plaintiff filed an opposition to
26   the motion after the motion was submitted, which included an affidavit
27   from an assistant for Plaintiff's counsel. The assistant avers in the
28   affidavit that Plaintiff's counsel was not aware of the Estate's

                                    1

1 | dismissal motion, since the Court's email notification stating the

2 | Estate's dismissal motion was filed "was not downloaded to [the

3 | assistant's work] email in-box." (Affidavit of Joan T. Nuefeld ¶ 11.)

4 | The assistant further avers that Plaintiff's counsel first learned of

5 | the Estate's motion after the assistant received the Court's email

6 | notification stating the Estate's dismissal motion was taken under

7 | submission. Id. ¶ 12. The Estate objects to the untimely filed

8 | opposition, and also filed a reply brief. Plaintiff's reason for filing

9 | a late opposition, is unpersuasive; however, all filed briefs have been

10 | considered.

11 |     The Estate argues its dismissal motion should be granted since

12 | "there is no legal entity known as 'the Estate of Robert A. McCormick,

13 | [D]eceased.'" (Estate's Mot. 9:18.) Plaintiff rejoins that the Estate

14 | should not be dismissed since California Probate Code section 550 et

15 | seq. permits Plaintiff to name the Estate as a defendant.

16 |     "Under [California] Probate Code § 550 [et seq.], 'an action

17 | to establish the decedent's liability for which the decedent was

18 | protected by insurance may be commenced or continued against the

19 | decedent's estate . . . .'" Pelayo v. City of Downey, 570 F. Supp. 2d

20 | 1183, 1192 (C.D. Cal. 2008) (quoting Cal. Prob. Code § 550(a)). The

21 | Estate has failed to demonstrate that it may not be named as a defendant

22 | under California Probate Code section 550 et seq.; therefore, the

23 | Estate's motion is denied.

24 | Dated:  September 1, 2011

25 |

26 | _____
    GARLAND E. BURRELL, JR.

27 |     United States District Judge

28 |